E-FILED
Friday, 23 June, 2006 03:14:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**

JUN 23 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Steve Abron
_____

_____

_____

_____
Plaintiff(s)

vs.

State of Illinois, Department
of Corrections, Henry Hill,
Don Huleck, Bill Smith and
Frank Shaw
_____

_____
Defendant(s)

Case No: 06-1157

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5

I.  PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT
    OPPORTUNITIES COMMISSION (EEOC)

   A. Have you filed a charge before the federal Equal Employment
   Opportunities Commission (EEOC) relating to this claim of employment
   discrimination?

   [X] YES

   [ ] NO

   B. If your answer is YES, describe the EEOC proceeding:

      1. Parties to the previous EEOC proceeding:

         Petitioner(s) Steve Abron
         _____

         _____

         _____

Page 2

Respondent (s) _Henry Hill Correctional Center_

2. Location of EEOC office that handled your charge _Chicago_

3. Docket or case number of your charge: _210-2005-5617_

4. Disposition (what was the final result of your charge): _Right to Sue letter_

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

   (X) YES

   ( ) NO

6. Date of filing charge before EEOC: _6-13-05_

7. Date of disposition by EEOC: _3-28-06_

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II.   PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

   ( ) YES

   (X) NO

2

Page 3

    B.  If your answer is YES, describe each legal proceeding:

        1. Parties to the previous legal proceeding:
           Plaintiff(s) or petitioner(s) _____

_____

_____

           Defendant(s) or respondent(s) _____

_____

_____

        2. Name of court or agency: _____

_____

_____

        3. Docket or case number: _____

        4. Name of the judge or hearing officer: _____

_____

        5. Disposition (for example: Was the case dismissed?
           Who won? Was there an appeal? Is the appeal pending
           or final? _____

_____

_____

_____

        6. Date of beginning previous proceeding:_____

        7. Date of disposition of proceeding:_____

NOTE: If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper. Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

Page 4

    C. Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

        ( ) YES

        (X) NO

III.   PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

    A. Plaintiff(s)

      1. Your full name   Steven Abron

      2. Your address   246 Holton Street, Galesburg, IL 61401

      3. Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them): _____

(Use a separate sheet if necessary; label it clearly if so)

    B. Have you attached a separate sheet naming other plaintiffs?

        ( ) YES

        (X) NO

    C. Defendant(s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

      1. Full name (individual or firm):   IL Dept. of Correction, State of IL

Page 5

    2. Business address: __1301 Concordia Ct.__

    3. Job position (if individual) _____

    4. Status as an entity (if defendant is a business firm):

        ( ) Corporation

        ( ) Partnership

        ( ) Sole Proprietorship

        (X) Other __state__

(If you do not know this information, and you cannot find out by reasonable means, ask the defendant for it. If the defendant will not tell you, leave this section blank.)

    5. Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): __Dan Hulick, Warden 711 Kaskeskia Menard, IL 62259__

__Frankshaw~~Henry Hill~~ 600 S. Linwood, Galesburg IL 61401__

__Bill Smith 600 S. Linwood Galesburg, IL 61401__

(Use a separate sheet if necessary; label it clearly if so)

D.   Have you attached a separate sheet naming other defendants?

    ( ) YES

    (X) NO

5

Page 6

IV. STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
- (X) Not hired?
- ( ) Discharged?
- ( ) Suspended?
- ( ) Demoted?
- ( ) Denied Promotion?
- ( ) Denied Wage Increases?
- ( ) Other (please specify) _____

B. State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

_See Complaint_

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

6

Page 7

V.  RELIEF YOU REQUEST

Check below what you want the court to do for you. You may make as many checks as you like.

( ) Should you prevail in this lawsuit, award you back pay.

( ) Should you prevail in this lawsuit, reinstate you in your old position.

( ) Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

(X) Other _See Complaint_

VI.  JURY DEMAND   (X) YES   ( ) NO

Signed this _23rd_ day of _July_, 20_06_.

_____
(Signature of Plaintiff or Plaintiffs)

ADDRESS: 246 Holton Street
Galesburg, IL 61401

PHONE NO.: 309 343-1884

7

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Steve Abron<br>246 Holton Street<br>Galesburg, IL 61401 | From: | Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL:** 7099 3400 0014 4055 1008

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2005-05617 | Narda I. Crespo,<br>Investigator | (312) 353-7500 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe* ps    March 28, 2006

Enclosures(s)    John P. Rowe,    (Date Mailed)
        District Director

cc:    Illinois Dept. of Corrections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN ABRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: |
| ) | |
| STATE OF ILLINOIS, DEPARTMENT OF ) | |
| CORRECTIONS, HENRY HILL ) | |
| CORRECTIONAL CENTER, and DON HULICK, ) | |
| Warden, individually, BILL SMITH, Business ) | |
| Administrator, individually, and FRANK SHAW, ) | |
| Assistant Warden, individually, and in their ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, STEVEN ABRON, pro-se, and for his Complaint, states as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. Section 1331, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*. Venue is proper under 28 U.S.C. 1391(e). Plaintiff timely filed his administrative claims with the United States Equal Employment Opportunity Commission, and on or about June 9, 2005, received a Notice of Right to Sue thereby and fulfilling all administrative prerequisites under Title VII to filing this Complaint.

**PARTIES**

2. Plaintiff is a citizen of the United States and the State of Illinois. At all times material herein, plaintiff has resided in the Central District of Illinois.

3. At all times material herein Plaintiff was, and is a barber licensed in the State of

1

Illinois, with experience which qualifies him as a journeyman barber.

4. The State of Illinois is an employer within the meaning of Title VII of the 1964 Civil Rights Act, as amended. 42 U.S.C. § 2000(e). The Illinois Department of Corrections, Henry Hill Correctional Center is department or subdivision within the government structure of the State of Illinois.

5. At all times material herein DON HULICK was the Warden of the Henry Hill Correctional Center.

6. At all times material herein FRANK SHAW was the Assistant Warden of the Henry Hill Correctional Center.

7. At all times material herein BILL SMITH was the Business Administrator of the Henry Hill Correctional Center.

## COUNT I

### RACE - TITLE VII CLAIM AGAINST DEFENDANTS

8. This is a claim for declaratory relief, injunctive relief and damages to redress the deprivation of rights secured to plaintiff by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e) *et seq.*

9. Plaintiff is an African-American male.

10. In February, 2004 Plaintiff applied for a position at the Henry Hill Correctional Center located in Galesburg, Illinois journeyman barber supervising and instructing inmate worker in performing various barbering services. Plaintiff met or exceeded all the qualifications for the position.

11. Plaintiff was rejected for the position and instead, a non-African-American was selected for the position.

12. Plaintiff was not selected for the position because of his race, African-American.

13. As a result of the discrimination practiced against Plaintiff he has incurred monetary losses including, but not limited to, lost wages, benefits and other damages, damage to his personal reputation, and emotional stress, and pain and suffering.

WHEREFORE, plaintiff prays:

    A. That Defendants, upon a trial by jury, be adjudicated to have violated Title VII of the 1964 Civil Rights Act;

    B. That Plaintiff be awarded a comparable position with the Illinois Department of Corrections, compensation for his lost wages and other benefits;

    C. That Plaintiff be awarded compensatory damages in an appropriate amount and as allowed by law;

    D. That Plaintiff be awarded prejudgment interest on the above damages;

    E. That Plaintiff be awarded post judgment interest;

    F. That Defendant, its officers, agents, employees and successors be permanently enjoined from engaging in the unlawful practices described herein; and

    G. That the Court grant such other and further relief as it deems fair and equitable in the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated in Peoria, Illinois this 23 day of June, 2006.

Respectfully submitted,
STEVEN ABRON, Plaintiff

By: _____
STEVEN ABRON
246 Holton
Galesburg, Illinois 61401
309-343-1884

4