UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
STEVEN ABRON,                        )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    Case No. 06-1157
                                     )
STATE OF ILLINOIS, DEPARTMENT        )
OF CORRECTIONS, HENRY HILL           )
CORRECTIONAL CENTER; and             )
DON HULICK, Warden,                  )
individually; BILL SMITH,            )
Business Administrator,              )
individually; and FRANK SHAW,        )
Assistant Warden,                    )
individually, and in their           )
official capacity,                   )
                                     )
        Defendants.                  )
```

**O R D E R**

Before the Court is the motion of Defendant Henry Hill Correctional Center ("HHCC") and individual Defendants Don Hulick, Bill Smith, and Frank Shaw for dismissal of the one-count Complaint filed June 23, 2006, claiming that Defendants along with Codefendant Illinois Department of Corrections ("IDOC") violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-et seq. by refusing to hire him as a barber at HHCC because of his race as an African American.

In their joint motion to dismiss, all Defendants allege and the Court will take judicial notice of the fact that HHCC is the name given to a prison or correctional facility operated by the IDOC and is not an independent, separate legal entity. Persons working at HHCC such as the individual Defendants are employees of the IDOC.

The caption of the Complaint names the individual Defendants in their individual and official capacities. These Defendants challenge the Complaint on the basis that there is no individual employee liability under Title VII, and there is no suggestion that any of these Defendants is an "employer" which is a prerequisite for liability under Title VII. See 42 U.S.C. § 2000e-2(a)(1). Also as discussed supra, HHCC is merely the name for one of the correctional facilities operated by IDOC and as such is an organizational division of IDOC without any independent legal existence. The persons working at HHCC are employees of IDOC. A claim against these Defendants in their official capacities is identical to the claim against their employer IDOC. Consequently, the claims against these Defendants in their official capacities is duplicative of the claim against Defendant IDOC and must be dismissed since IDOC is the proper party accountable for the failure to hire Plaintiff. See Bryson v. Chicago State University, 96 F.3d 912 (7th Cir. 1996). (Title VII suit against Provost of Chicago State University in his official capacity should have been dismissed because it was identical to the action brought against Chicago State University itself, and Chicago State University was the proper defendant.)

The Complaint against HHCC must also be dismissed. Rule 17(b) of the Federal Rules of Civil Procedure requires a defendant to be a legal entity capable of being sued. The Court takes judicial notice of the fact that HHCC is the name given to one of the correctional facilities operated by the IDOC, and it has no separate, independent legal existence and is akin to the

Springfield Police Department in the case of <u>Meek v. Springfield Police Department</u>, 900 F. Supp. 598 (C.D. Ill. 1998)(Springfield Police Department was merely an organizational division of the City of Springfield and did not enjoy an independent legal existence). Additionally, HHCC is not an employer under Title VII since it has no employees; the individual Defendants working at HHCC are employees of the IDOC.

    For the above reasons, the joint motions of all Defendants is allowed, and the Complaint is dismissed with prejudice as to Defendant HHCC, and the individual Defendants Don Hulick, Warden; Bill Smith, Business Administrator; and Frank Shaw, Assistant Warden.

    This case is referred to Magistrate Judge John Gorman for a Rule 16 conference and other pretrial administration.

    Entered this __23rd__ day of January, 2007.

                                            <u>Joe Billy McDade</u>
                                              JOE BILLY McDADE
                                      United States District Judge